# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00589-CV

---

**C. A. M. L., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-FM-19-006496, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

C.A.M.L. appeals from the trial court's final decree terminating her parental rights to her child. S*ee* Tex. Fam. Code § 161.001. After a jury trial, the trial court rendered judgment on the jury's verdict, finding by clear and convincing evidence that several statutory grounds existed for terminating C.A.M.L.'s parental rights and that termination of those rights was in the child's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (2).

On appeal, C.A.M.L.'s court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex.

App.—Austin 2005, pet. denied). C.A.M.L.'s counsel has certified to this Court that she has provided C.A.M.L. with a copy of the *Anders* brief, the motion to withdraw, the reporter's record, and the clerk's record and that she has advised C.A.M.L. of her right to file a pro se brief. To date, C.A.M.L. has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, stating that it will not file a brief unless requested by this Court.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on C.A.M.L.'s behalf, and have found nothing in the record that might arguably support an appeal. Our review included the trial court's findings as to C.A.M.L. under parts (D) and (E) of Section 161.001(b)(1) of the Family Code, and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019). We agree with appellant's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating C.A.M.L.'s parental rights. Counsel's motion to withdraw is denied.[1]

---

[1] The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to C.A.M.L. has not yet been discharged. *See id.* If after consulting with counsel, C.A.M.L. desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   March 23, 2022